UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
05M-1120-JGD

UNITED STATES OF AMERICA

v.

ANDRE QUEZADA

## MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR DETENTION

September 1, 2005

DEIN, M.J.

## I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a criminal complaint with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  An initial appearance was held on August 22, 2005, at which time the defendant was represented by counsel.  The government moved for detention under 18 U.S.C. §§ 3142(f)(1)(C) and (f)(2)(A) and (B) on the grounds that the defendant poses a danger to the community and a serious risk of flight.  A detention hearing was held before this court on August 26, 2005, at which time the defendant was represented by counsel.

For the reasons detailed herein, this court concludes that there are no conditions which will reasonably assure the appearance of the defendant as required, and the

safety of the community.  The court, therefore, orders that the defendant be detained prior to trial.

## II.  <u>THE BAIL REFORM ACT</u>

A.      Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  <u>See</u> 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  <u>See</u> <u>United States v. Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.      The government is entitled to move for detention on grounds of danger to the community in a case that –

(1)      involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

(2)      involves an offense punishable by death or life imprisonment;

(3)    involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; <u>or</u>

(4)    involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua</u> <u>sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  <u>See</u> 18 U.S.C. § 3142(f).

C.    In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(a)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(b)    the weight of the evidence against the accused;

(c)    the history and characteristics of the person, including --

---

[1]    The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  <u>See</u> <u>United States v. Moss</u>, 887 F.2d 33, 336-37 (1st Cir. 1989).

(i)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(ii)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(d)   the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

D.   Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

First, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a federal crime of violence within the meaning of § 3156(a)(4) [or a state crime of violence within the meaning of § 3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act -- e.g., possession of cocaine, heroin, or more than 1000 pounds of marijuana, with intent to distribute, the Controlled Substances Import and Export Act, or any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have

-4-

been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.  See 18 U.S.C. § 3142(e).

Second, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act or an offense under the provisions of 18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.  See 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight.  The burden then rests on the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  This "only imposes a burden of production on a defendant.  The burden of persuasion remains with the government." United

States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also
United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a
defendant produces "some evidence" in rebuttal, however, the presumption does not
disappear.  Rather, it retains some evidentiary weight, the amount of which will depend
on how closely the defendant's case "resembles the congressional paradigm" and other
relevant factors.  Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416.  See
United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis,
must be based on the evidence which is before the court regarding the particular
defendant."  U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based
on the record before me, I find that there are no conditions which may be imposed
which will reasonably insure the safety of the community or the defendant's presence at
trial.

Since the defendant is charged with a violation of the Controlled Substances Act
(21 U.S.C. § 801 et seq.) which carries a maximum sentence of ten years or more
imprisonment, the rebuttable presumption that no condition or combination of
conditions of release will reasonably assure the appearance of the defendant as
required and the safety of the community applies.  As an initial matter, this court finds
that the defendant has not met his burden of production in response to the
presumption.  Even without the presumption, however, I find that the government has
proven by clear and convincing evidence that there are no conditions or combination of

conditions which will reasonably assure the safety of other persons and the community. I also find that the government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure that the defendant will appear.

### A.   The Offense Charged And Weight Of The Evidence

The defendant is charged with a serious drug offense.  He faces a term of imprisonment up to life, with a mandatory minimum of 10 years imprisonment if convicted of the drug crimes charged.  The evidence against him is strong.

The defendant, Andre Quezada, has been identified as a source of cocaine for a drug trafficking organization operating in Lowell, Massachusetts, headed by the co-defendant Sophoan Oung, also known as "Hershey."  The investigation into this organization was conducted by a task force involving agents of the Drug Enforcement Administration ("DEA"), Lowell Police Officers and other law enforcement personnel. Special Agent Christian Brackett of the DEA testified at the detention hearing.  He was also the affiant for the criminal complaint which led to the defendant's arrest.  The investigation included, without limitation, confidential witnesses, undercover agents, controlled purchases of cocaine, surveillance and wiretaps.

Briefly, the evidence before the court is as follows.  Several confidential sources ("CS") informed law enforcement that "Hershey" had access to kilograms of cocaine which he obtained from a source in Lawrence.  Hershey would repackage the cocaine into smaller amounts and sell it to various individuals in Lowell.  Controlled buys from

Hershey as well as his brother, Sophanara Oung, also known as "Bee," confirmed this information.

Intercepted calls establish that Quezada called Hershey on August 17, 2005 and asked if he was "all set," presumably for drugs. Hershey stated that he was "all set for a couple of days." Then on August 19, 2005, intercepted calls indicated that Hershey was ordering "one" quantity of cocaine for that day, and that Quezada could get another "one" the next day. Law enforcement has interpreted the reference to "one" as being to one kilo of cocaine. On August 20, 2005, intercepted calls and surveillance established that Quezada dropped off a kilogram of cocaine for Hershey, which was picked up by Bee. Quezada was paid $9,700 for the drugs. Quezada was arrested that evening on an outstanding warrant. During an inventory search of his vehicle, $9,000 was found in the glove compartment. Quezada was found with an additional $700 on his person. (The $700 was subsequently stolen from the Lowell Police Department.)

At the time of his arrest, Quezada gave the officers two incorrect social security numbers. He also gave his sister's address as his residence, although there is evidence that he lived elsewhere.

### B.  History And Characteristics Of The Defendant

The defendant Andre Quezada is 26 years old. His true name is Guiber Andre Quesada and he was born on November 23, 1978 in Lawrence, Massachusetts. He attended Lawrence High School and dropped out in the 12th grade. He has relatives in the Dominican Republic and traveled there on several occasions over the past few

years.  There is some information that his father lives in the Dominican Republic and that the defendant sees him approximately once a year.

The defendant lives in Lawrence, Massachusetts with his mother, siblings and their families.  The defendant is single and has two children who live with their mother. He has frequent contact with his children although he does not pay any child support.

The defendant reports sporadic employment.  He buys computers cheap and then resells them.

The defendant has a criminal record dating back to 1998, which is replete with defaults.  Charges, which were eventually dismissed, include disorderly conduct, destruction of property, resisting arrest, assault and battery on a police officer, and operating with a suspended license.  In the instant case, he was arrested on an outstanding warrant from Lawrence District Court stemming from a 2002 arrest for assault with a dangerous weapon (a bottle).  He has been convicted of disorderly conduct, true name violation and shoplifting, but has never been incarcerated.

## C.  Danger To The Community

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community.  There is substantial evidence that the defendant was engaged in the sale of cocaine, and that he had access to a significant quantity of drugs.  The evidence indicates a sophisticated drug organization to which the defendant was an important supplier of narcotics.

The defendant has not provided any evidence of any legitimate source of income, although he was arrested with a significant quantity of cash.  Thus, it appears likely that the defendant will engage in drug trafficking in order to support himself.  The rebuttable presumption which applies in the case of drug charges was premised, in part, on Congress' conclusion "that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'"  S. Rep. No. 225, 98th Cong., 1st Sess. 13 (1983).  Recognizing that the burden of persuasion remains with the government at all times, I find that the presumption of dangerousness has not been rebutted.

### D.  Risk Of Flight

I also find that the record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the appearance of the defendant.  The prospect of a significant jail sentence provides a clear and unequivocal impetus to flee, and the defendant has easy access to cash.  The defendant has significant ties to the Dominican Republic.  This court has no evidence of any employment, or long-term residence in Massachusetts.  Based on these factors, this court finds that there is a high risk of flight.

### IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1)     That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)     On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.


_____/ s / Judith Gail Dein_____
Judith Gail Dein
United States Magistrate Judge